UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2019

SEAN F. MCAVOY, CLERK

| | | | |
|---|---|---|---|
| U.S.A. vs. | Christensen, Joshua W. | Docket No. | 0980 2:19CR00063-TOR-1 |

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Amber M. K. Andrade, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Joshua W. Christensen, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge John T. Rodgers sitting in the court at Spokane, Washington, on the 29th day of March 2019 under the following conditions.

On March 29, 2019, the Honorable John T. Rodgers, U.S. Magistrate Judge, denied the government's motion for detention and placed Mr. Christensen under conditions of supervision, including the following:

**Additional Condition #28:** The defendant shall participate in a program of GPS confinement. The defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the defendant. The defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation #1:** Joshua Christensen disconnected and relocated his Global Positioning System (GPS) beacon, thus prohibiting the U.S. probation officer from being able to properly supervise him as instructed by the Court.

On March 29, 2019, Mr. Christensen appeared before the Honorable John T. Rodgers for a detention hearing. As a result of that hearing, the government's motion for detention was denied and the defendant was placed under the supervision of the U.S. Probation Office.

Following that hearing, Mr. Christensen was outfitted with an ankle monitor. The undersigned officer, accompanied by U.S. Probation Officer Stephanie Cherney, then reviewed the location monitoring program with Mr. Christensen. He acknowledged an understanding of the conditions of the GPS participant agreement, including condition #8, in which the defendant agrees to allow a base unit/beacon to be placed within a location and further agrees to not move, disconnect, or tamper with the monitoring device.

On the evening of March 29, 2019, following his release from the Spokane County Jail, Mr. Christensen contacted this officer upon his arrival at his father's residence as instructed. When asked about his plans for the next day, the offender informed this officer that his father was planning to leave early the next morning to run errands, so he would not have access to the residence where his beacon was located. Mr. Christensen advised that he was planning to seek medical treatment at the Spokane Valley Hospital and pick up his truck from his friend, Tim Emery's residence. This officer reminded the defendant to ensure that his battery remained charged, even suggesting that he switch out his ankle monitor's battery right before leaving the house the next morning to ensure his battery did not die. Mr. Christensen then suggested that he would just take the beacon with him to the hospital in order to plug it in once he arrived at Tim's home. The undersigned officer instructed the defendant not to relocate the beacon and reiterated that it needed to remain plugged in at his father's residence as we had discussed, and he stated he understood.

PS-8

**Re: Christensen, Joshua W**
**April 2, 2019**
**Page 2**

On March 30, 2019, at approximately 6:15a.m., the undersigned officer received notification that Mr. Christensen's location monitoring beacon had been disconnected from its power source and moved. Unable to establish contact with the defendant, this officer reached out to his father, who would later advise the undersigned that he did not see the beacon where it had been placed the night before.

This officer then contacted Mr. Christensen's friend, Tim, in an effort to locate the defendant whose whereabouts were unknown to the U.S. Probation Office at that time. Tim advised he had not yet seen the defendant, as he was under the impression his friend was still in custody, but assured this officer that he would have Mr. Christensen contact the undersigned when he saw/spoke with him.

Shortly thereafter, Mr. Christensen contacted this officer and claimed he had misunderstood this officer's instructions to not move the beacon. He was subsequently instructed to report back to his father's residence to plug in the beacon. Supervising U.S. Probation Officer Tommy Rosser later met with Mr. Christensen and his family at his father's residence to verify the beacon was properly installed and reiterate the requirements of the location monitoring program.

PRAYING THAT THE COURT WILL ORDER A SUMMONS

|   |   |
|---|---|
|   | I declare under the penalty of perjury that the foregoing is true and correct. |
|   | Executed on:    April 2, 2019 |
| by | s/Amber M.K. Andrade |
|   | Amber M. K. Andrade<br>U.S. Pretrial Services Officer |

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

Signature of Judicial Officer

April 3, 2019
Date