UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff-Respondent,<br><br>   v.<br><br>JOSHUA W. CHRISTENSEN,<br><br>              Defendant-Petitioner. | NO: 2:19-CR-0063-TOR<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 133). Defendant is proceeding *pro se*. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the Court denies Defendant's Motion.

## BACKGROUND

On October 23, 2019, Joshua W. Christensen appeared before the Court and entered a plea of guilty to Count 1 of the Indictment filed on March 19, 2019, charging him with Threatening to Murder a Federal Official, in violation of 18 U.S.C. § 115(a)(1) and (b)(4). ECF Nos. 64, 65. The Plea Agreement was

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

pursuant to Fed. R. Crim. P. 11(c)(1)(C) and provided that the Defendant would be sentenced to a 4-year term of probation. ECF No. 64 at 7. On June 9, 2019, Mr. Christensen was sentenced to 4-years of probation. ECF No. 85.

Although Defendant waived "his right to appeal his conviction and the sentence imposed by the Court" (ECF No. 64 at 8), an appeal was filed on his behalf. ECF No. 87. The Ninth Circuit considered his case and on March 24, 2021 dismissed his appeal, ruling in part as follows:

> Christensen argues that the appeal waiver contained in his plea agreement is not enforceable because a defendant cannot voluntarily waive the right to appeal a sentence that has not yet been imposed. As he concedes, this contention is foreclosed. *See United States v. Medina-Carrasco*, 815 F.3d 457, 462-63 (9th Cir. 2015); *United States v. Navarro-Botello*, 912 F.2d 318, 320 (9th Cir. 1990). Even if it were not foreclosed, Christensen does not identify any substantive challenge to his conviction or sentence that he would raise absent the waiver. Accordingly, we dismiss pursuant to the valid appeal waiver. *See Medina-Carrasco*, 815 F.3d at 463.
>         DISMISSED.

ECF No. 98.

On July 16, 2021, Defendant filed the instant motion.

## DISCUSSION

**A. Motion to Vacate, Set Aside or Correct Sentence**

The Court first considers Defendant's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4(b) provides that the Court "must promptly examine [the motion]. If it plainly appears from the motion, any

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 2

attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . ."

The issues raised do not require an evidentiary hearing. *See* Rule 8, Rules—Section 2255 Proceedings. The transcripts, records and materials filed in this proceeding adequately document the issues for resolution.

Here, Defendant is plainly not entitled to relief.

**1.  Plea Not Knowing, Intelligent, or Voluntary**

Defendant contends his guilty plea was not knowingly, intelligently, or voluntarily entered because he was coerced and threatened. ECF No. 133 at 2. Defendant's 45-page petition repeatedly complains that the death threat was not recorded, it was hearsay, there was no preliminary hearing, that in the past he was sexually assaulted, was a slave, was freezing to death, was tortured, and was extorted (defrauded) by Social Security employees. ECF No. 133.

The transcript of the change of plea hearing demonstrates otherwise. ECF No. 95. First, Defendant was placed under oath to tell the truth during the hearing. *Id*. at 3. Defendant was advised of the charge, the elements of the offense, the penalties associated with the offense, the right to a jury trial and all its attendant rights. Under oath, Defendant affirmed that no one promised him anything other than the promises in the plea agreement and that no one threatened him to get him to plead guilty. *Id*. at 6-7. Defendant affirmatively represented that what he said

to the clerk of court was "definitely perceived to be a death threat." *Id*. at 22. As to the allegations contained in Count 1 of the Indictment, Defendant affirmatively stated that "I plead guilty." *Id*.

Defendant has not shown that his plea was not knowing, intelligent and voluntary and the full transcript of Defendant's sworn testimony conclusively demonstrates otherwise. The parties agreed that the death threat was not recorded but Defendant affirmatively admitted that what he said to the clerk of court was "definitely perceived to be a death threat." Any objection as to hearsay is inapplicable. Defendant was charged by grand jury indictment, ECF No. 1, therefore no preliminary hearing was required or authorized. *See* Fed. R. Crim. P. 5(a)(2).

This argument is denied.

**2. Ineffective Assistance of Counsel**

Defendant contends that his 6th Amendment rights were violated repeatedly. ECF No. 133. Defendant has not included any facts or argument to support this contention and equally important, has failed to show prejudice.

Effective assistance of counsel is analyzed pursuant to the doctrine set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). According to *Strickland*, Petitioner bears the burden of establishing two components to an ineffectiveness inquiry. First, the representation must fall "below an objective standard of

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

reasonableness." 466 U.S. at 687–88.  Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's "overall performance," both before and at trial, and must be highly deferential to the attorney's judgments.  *United States v. Quintero-Barraza*, 78 F.3d 1344, 1347–48 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 688–89).  In fact, there exists a "strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Id*. (citation omitted).

If the petitioner satisfies the first prong, he must then establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Quintero-Barraza*, 78 F.3d at 1347 (quoting *Strickland*, 466 U.S. at 694).

Defendant has shown neither of the two prongs required by *Strickland*.  Accordingly, this contention is denied.

### 3. Fourth Amendment Violation

Defendant repeatedly interjects that his 4th Amendment rights were violated without explanation or factual support.  ECF No. 133.

The protections of the Fourth Amendment are personal rights.  The question is whether the person claiming a constitutional violation "has had his own Fourth Amendment rights infringed by the search and seizure which he seeks to

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

1  challenge." *Rakas v. Illinois*, 439 U.S. 128, 133 (1978). Defendant seems to

2  contend that he was stripped searched upon his booking into jail and this violated

3  his Constitutional rights. While he contends this is a constitutional violation, he

4  does not seek to suppress any evidence. Moreover, a guilty plea waives any prior

5  Constitutional violation. "[A]n unconditional guilty plea, without a Rule 11(a)(2)

6  reservation, constitutes a waiver of the right to appeal all nonjurisdictional

7  antecedent rulings, including a motion to suppress." *United States v. Lopez–*

8  *Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled that an

9  unconditional guilty plea constitutes a waiver of the right to appeal all

10 nonjurisdictional antecedent rulings and cures all antecedent constitutional

11 defects.") (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *see also United*

12 *States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012). By entering a valid plea of

13 guilty, Mr. Christensen is precluded from raising a claim related to a constitutional

14 deprivation preceding his guilty plea. *See Tollett v. Henderson*, 411 U.S. at 267.

15    Here, any potential violation of Defendant's 4th Amendment rights do not

16 have any bearing on the charge filed for making a death threat over the telephone.

17    This contention is denied.

18 //

19 //

20 //

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 6

## B. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issue presented deserves encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 133) is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties. Defendant has not provided his current address, so service should be made upon his last attorney of record. This file and the corresponding civil (statistical) file (2:21-CV-0210-TOR) shall be **CLOSED**.

DATED July 20, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 8